UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

IBRAHIM IBNMUHSIN ABDALIBARRI,

        Plaintiff,

v.

WASHINGTON STATE DEPARTMENT OF SOCIAL AND HEALTH SERVICES, et al.,

        Defendants.

CASE NO. 3:23-CV-5485-RAJ-DWC

REPORT AND RECOMMENDATION

Noting Date: September 8, 2023

    The District Court has referred this action filed under 42 U.S.C. § 1983 to Chief United States Magistrate Judge David W. Christel. Plaintiff Ibrahim Ibnmuhsin Abdalibarri, proceeding *pro se*, initiated this civil rights action on May 30, 2023. *See* Dkt. 1. As Plaintiff failed to pay the filing fee and failed to keep the Court advised of his current address, the Court recommends dismissing this action without prejudice.

    The relevant procedural history shows that, on May 30, 2023, Plaintiff initiated this lawsuit. Dkt. 1. He submitted an incomplete application to proceed *in forma pauperis* (IFP). *See* Dkts. 1, 2. The Clerk's Office sent Plaintiff a letter directing him to correct the IFP deficiencies on or before June 30, 2023. Dkt. 2. The Clerk's Office warned Plaintiff that failing to comply

REPORT AND RECOMMENDATION - 1

could result in dismissal of this action. *See id*. The letter was returned as undeliverable on June 9, 2023. Dkt. 3.

A party proceeding *pro se* shall keep the Court and opposing parties advised as to his or her current mailing address. Local Rules, W.D. Wash. LCR 41(b)(2). If mail directed to a *pro se* plaintiff by the Clerk is returned by the Postal Service, and if such plaintiff fails to notify the Court and opposing parties within 60 days thereafter of his or her current mailing address, the Court may dismiss the action without prejudice for failure to prosecute. *Id*.

Here, Plaintiff has not paid the filing fee or submitted a complete application to proceed IFP. Additionally, he has not provided the Court with his current address. As Plaintiff has failed to prosecute this case and failed to comply with the Court's Local Civil Rules, the Court recommends this case be dismissed without prejudice.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set the matter for consideration on September 8, 2023, as noted in the caption.

Dated this 21st day of August, 2023.

David W. Christel
Chief United States Magistrate Judge

REPORT AND RECOMMENDATION - 2